Carhart & Curd vs. Bivins.

---

CARHART & CURD, plaintiffs in error, vs. GEORGE W. BIV-
IMS, defendant in error.

(By TWO JUDGES.) Where, in a suit by two persons on a debt due before the first of June, 1865, the proper affidavit of payment of taxes was filed, and on the trial before the jury the interrogatories of one of the partners were read, to the effect that he had always regularly given in and paid taxes on his solvent notes, and that the note sued on was solvent, and he had always included it in his tax-returns and paid taxes on it, as he believed, though he could not positively call to mind his giving in this particular note:

Carhart & Curd *vs.* Bivins.

*Held*, That it was error in the Court to dismiss the case; there was sufficient evidence to carry the case to the jury, leaving them to determine whether or not the taxes had been duly paid, and whether or not the witness did not mean that he had, as one of the firm, given in this note and paid the taxes thereon.    27th February, 1872.

Relief Act of 1870.    Before Judge CLARK.    Sumter Superior Court.    October Term, 1871.

Carhart & Curd sued Bivins upon his note, made in 1861. Before trial, affidavit of payment of taxes, as required by the Relief Act of 1870, was filed.    On the trial, Curd testified : "I gave in my taxes in bulk, or rather returned in bulk all taxable property I owned, and have regularly done so for each and every year from the time I first owned said note to the present time.    I regard the paper as solvent, and have classed it with my solvent debts, and have always returned it as taxable property, and paid regularly the taxes on same, in bulk, with other solvent assets."

The Court dismissed the cause because it was not proven that plaintiffs had paid all taxes required of them by said Act of 1870.    This is assigned as error.

HAWKINS & GUERRY, for plaintiff in error.

C. T. GOODE; W. A. HAWKINS, for defendant.

McCAY, Judge.

We think this case ought to have gone to the jury.    There was some evidence that the taxes were paid; indeed, we think, had the jury found, under the evidence, that they were paid, we could not say that they found contrary to evidence or without evidence.    The witness swears he had always included this note in his tax-returns, and that he had given it in every year. Why, as he was one of the partners, may not this have been the truth of the case ?    Perhaps he was the active partner, and it may have been he that always made the return and paid the tax.    Perjury ought not to be inferred.    The witness

swears, very positively, that he did give in and pay the tax. What reason is there for saying he did not? If the jury believe the testimony, there ought to have been a verdict instead of a non-suit.

It is for the jury, and not the Court, to pass upon the proof of the payment of taxes. Here was some proof, and we think the Court erred in dismissing the case.

Judgment reversed.